IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

     Plaintiff,                     No. 2:10-cv-0255 MCE JFM (PC)

   vs.

JAMES WALKER, et al.,         ORDER AND

     Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A complaint, or portion thereof, should only be dismissed for failure to state a

1

1  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
2  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
3  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
4  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
5  complaint under this standard, the court must accept as true the allegations of the complaint in
6  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
7  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9     Review of plaintiff's complaint reveals a failure to state a claim for relief.
10 Plaintiff first filed a civil rights action against various defendants on April 15, 2004 in case
11 number 04-cv-0756-LKK-JFM.  In this first suit, a verdict was returned in favor of defendants on
12 September 15, 2009 following a jury trial.  Plaintiff's appeal in that case was processed to the
13 Ninth Circuit Court of Appeals on October 14, 2009, but was dismissed on December 11, 2009
14 due to plaintiff's failure to respond to an order of the appellate court.

15    On September 28, 2009, plaintiff filed a CDC Form 602 grievance in which he
16 asserted that defendants from the first suit, Gauthreaux, Matthews and Johnson, committed
17 perjury when they testified at trial.  Plaintiff's appeal was denied at the Informal Level and
18 plaintiff was informed that "The action you are appealing has been determined NOT to be a CEN
19 issue.  You are instructed to mail your appeal directly to the appropriate institution for
20 review/response."  (Compl., Ex. A.)  Plaintiff's appeal was "rejected, withdrawn or cancelled"
21 for this reason and subsequently denied at all levels of review.  (See Compl. at 21.)

22    On February 1, 2010, plaintiff filed the present action wherein he asserts that
23 defendants Walker, Appeals Coordinator; Cate, Secretary of the California Department of
24 Corrections and Rehabilitation; Grannis, Chief Inmate Appeals Branch; Schwarzenegger,
25 Governor of California; and the County of Sacramento violated his right of access to the courts
26 for "failing to process, investigate and respond to" his 602 appeal.

1  In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held
2  that prison inmates have a constitutionally protected right to access the courts to bring civil
3  rights actions to challenge their conditions of confinement and to bring challenges to their
4  criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts
5  "guarantees no particular methodology but rather the conferral of a capability -- the capability of
6  bringing contemplated challenges to sentences or conditions of confinement before the courts."
7  Id. at 356. To prevent dismissal for failure to state a claim, plaintiff must allege sufficient facts
8  that defendants by their acts prevented him from bringing, or caused him to lose, an actionable
9  claim of this type. Id.

10  Here, the undersigned finds that plaintiff fails to state a claim against all
11  defendants. His CDC 602 grievance addressed events that occurred in case number 04-cv-0756-
12  LKK-JFM rather than conditions within the prison. Plaintiff was clearly informed at the
13  informal level of review that the action plaintiff was appealing was not a prison issue and that,
14  instead, he should pursue his appeal with the appropriate institution. Thus, the dismissal of
15  plaintiff's 602 appeal was warranted.

16  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
17  February 24, 2010 request for leave to proceed in forma pauperis is denied; and

18  IT IS HEREBY RECOMMENDED that plaintiff's February 1, 2010 complaint be
19  dismissed for failure to state a claim.

20  These findings and recommendations are submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
22  days after being served with these findings and recommendations, any party may file written
23  objections with the court and serve a copy on all parties. Such a document should be captioned
24  "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised
25  that
26  /////

/////

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2010.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

014.mart0255.fr